**QIUYINGDI CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–3849–ag.

United States Court of Appeals,
Second Circuit.

July 28, 2006.

Michael Brown, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, J. Gabriel Banks, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Qiuyingdi Chen, through counsel, petitions for review of the June 2004 BIA decision denying his second motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

Here, the BIA did not abuse its discretion in denying Chen's second motion to reopen as both numerically and time-barred when he failed to explain why he

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

waited over three years to file it after his first motion was denied. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien may file only one motion to reopen, no later than 90 days after the BIA's final decision). Although the filing deadlines may, under certain circumstances, be equitably tolled to accommodate claims of ineffective assistance of counsel, equitable tolling is not available to aliens who fail to exercise due diligence in pursuing their rights. *See Iavorski v. INS*, 232 F.3d 124, 129, 135 (2d Cir.2000). Here, the BIA noted that Chen's former counsel had been expelled from practice, yet found that equitable tolling was unwarranted when Chen had waited over three years to account for the deficiencies in his former counsel's motion, and failed to provide any explanation for the delay. This determination was reasonable and consistent with established policy, and therefore well within the BIA's discretion. *See id.; see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006). Finally, Chen's argument that his case should have been reopened pursuant to *Matter of X–G–W–*, 22 I. & N. Dec. 71, 1998 WL 378104 (BIA 1998), clearly fails because the BIA had previously dismissed his appeal on grounds of credibility, rather than statutory eligibility. *See Li Yong Zheng v. Gonzales*, 416 F.3d 129, 131 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).