PENG CHEN ZHEN, a.k.a., Peng Cheng Zheng, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 05–6514–ag.

United States Court of Appeals, Second Circuit.

Aug. 10, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States, Attorney for the Northern District of Illinois, Meghan C. Morrissey, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Peng Chen Zhen, a.k.a. Peng Cheng Zheng ("Zhen"), a citizen of the People's Republic of China, seeks review of a November 10, 2005 order of the BIA denying his motion to reopen. *In re Peng Chen Zhen,* No. A29 783 599 (B.I.A. Nov. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). However, time and numerical limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii).

Here, Zhen failed to timely file his motion to reopen. The BIA denied his appeal in March 2001, and Zhen filed his motion to reopen in August 2005.

We find that the BIA did not abuse its discretion in concluding that Zhen failed to establish an exception to the filing deadline based on the births of his three children. Such changes in his personal circumstances do not constitute changed country conditions. *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir. 2005). Furthermore, the BIA reasonably concluded that Zhen failed to provide sufficient evidence to support his allegation that coercive family planning was implemented in his hometown in 2005. In support of his claims, Zhen provided the same non-specific evidence that we have previously rejected. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 276 (2d Cir.2006).

Moreover, because Zhen failed to establish that Chinese authorities implemented coercive family planning laws in 2005, the BIA did not abuse its discretion in finding that Zhen failed to exercise due diligence in pursuing his claims. "Equitable tolling requires a party to pass with reasonable diligence though the period it seeks to have tolled." *Iavorski v. U.S. INS,* 232 F.3d 124, 134 (2d Cir.2000) (citation omitted). Here, regardless of whether the tolling period begins with the September 2002 family planning law, the June 2002 birth of his third child, or his January 2001 marriage, Zhen waited, at the least, almost three years to file his motion to reopen. Accordingly, because Zhen offers no reasonable explanation for this delay, the BIA did not abuse its discretion in finding that he failed to exercise due diligence. *Id.* at 134–35.

Finally, we decline to review Zhen's CAT claim because he failed to exhaust his administrative remedies with respect to this issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

For the foregoing reasons the petition for review is DENIED. In addition, Zhen's pending motion to stay removal is DISMISSED as moot.