**XIAN GANG KONG, a/k/a Xiangang Kong, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney**

General,[1] Respondent.

No. 07–3070–ag.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2008.

---

Gary J. Yerman, New York, New York,
for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Latour, Assistant Director, Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Xian Gang Kong, a native and citizen of the People's Republic of China, seeks review of a July 3, 2007 order of the BIA denying his second motion to reopen his removal proceedings. *In re Xian Gang Kong*, No. A95 146 456 (B.I.A. July 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't. of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Kong's motion to reopen, because he submitted "insufficient

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

evidence to demonstrate that [his CDP] membership constitutes changed country conditions or circumstances in China sufficient to meet the exception to the number bar for motions to reopen." Under 8 C.F.R. § 1003.2(c)(2), an individual may only file one motion to reopen, unless he can show one of the exceptions enumerated in 8 C.F.R. § 1003.2(c)(3). The relevant exception provides that the time and numerical limitations for motions to reopen do not apply to motions filed

> to apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.

8 C.F.R. § 1003.2(c)(3)(ii). Here, Kong claims that he was authorized to file a second motion to reopen because he demonstrated such changed country conditions in China. *See id.* However, Kong's argument is unavailing, as the BIA properly found that he failed to demonstrate how conditions have worsened in China for pro-democracy activists since his hearing before the IJ in 2004.

While Kong's motion is based on changed conditions in China, the evidence that he submitted with his motion demonstrated little more than changes in his personal circumstances—i.e., that he joined the China Democracy Party ("CDP") in May 2006. Such a change, however, does not satisfy the requirements for the changed country conditions exception set forth in 8 C.F.R. § 1003.2(c)(3)(ii). *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). Indeed, to prevail on his

motion, Kong was required to show not just that conditions for democracy activists in China had *changed,* but that such proof was unavailable and undiscoverable at the time of his hearing. *See* 8 C.F.R. § 1003.2(c)(3)(ii). While the articles in the record document the government's arrest and detention of pro-democracy leaders in China, they do not indicate that such treatment has changed since 2004. *Cf. Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir. 2005) (noting the duty IJ's have to explicitly consider country conditions evidence in the context of motions to reopen based on country conditions). Without such a showing, it cannot be said that the BIA abused its discretion in finding that Kong's evidence was insufficient to demonstrate changed country conditions in China.

Kong refers to the 2006 U.S. Department of State Country Report on Human Rights Practices for China ("USDOS Report") to support his assertion that the government tightened the regulation of "political organizations deemed to be a threat to government authority," such as the CDP. However, the 2006 USDOS Report is not in the record, and we will not remand to the BIA to direct it to consider documentary evidence that is not in the record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.