**YUN RONG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–4714–ag.

United States Court of Appeals, Second Circuit.

April 8, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Daniel E. Goldman, Senior Litigation Counsel; Kristin K. Edison, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Yun Rong Chen, a native and citizen of the People's Republic of China, seeks review of an October 11, 2007 order of the BIA denying her motion to reopen removal proceedings. *In re Yun Rong Chen a.k.a. Ling Rong Zheng*, No. A 77 977 906 (B.I.A. Oct. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion.

*See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Id.*

█ Here, the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. *See id.* The BIA properly noted that it previously issued the final removal order in February 2004, and Chen did not file her motion to reopen until March 2007, well beyond the 90–day filing deadline. *See* 8 C.F.R § 1003.2(c)(2).

█ To the extent Chen argues that the family planning policy will now apply to her in a manner in which it did not apply before she gave birth to two children in the United States, and that such a difference amounts to a change in country conditions, her argument is without merit. Merely reframing her change in personal circumstances as a change in country conditions in China does not bring Chen's motion within the exceptions to the time limitation on motions to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005)(holding that 8 C.F.R. § 1003.2(c)(3)(ii) applies to changed country conditions in the country of origin or deportation and not changed personal circumstances in the United States).

█ Even if Chen's motion to reopen were subject to an exception to the filing deadline, moreover, Chen's challenge to the BIA's finding that she failed to demonstrate *prima facie* eligibility for asylum based on the birth of her two children is also unavailing. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d

90 (1988) (noting that BIA may properly deny motion to reopen on grounds that the alien has not established *prima facie* eligibility for the relief sought). Chen argues that the 2005 State Department Country Report on Human Rights for China and "checkup certificate" which she submitted demonstrate her eligibility for relief. However, as the BIA correctly concluded, the 2005 State Department report and certificate do not address the treatment under China's family planning policy of returning Chinese nationals, such as Chen, with children who were born abroad. *See Matter of C–C–*, 23 I. & N. Dec. 185, 191 (BIA 2007).

▮ Further, the BIA did not abuse its discretion by finding that Chen failed to demonstrate changed circumstances for Falun Gong practitioners in China which qualified her for an exception to the time limitation for filing a motion to reopen. 8 C.F.R. § 1003.2(c)(2), (3). Chen argues that the BIA erred by declining to review the letters from her mother and her friend attesting to the persecution which she allegedly suffered. She asserts that those letters were previously unavailable because her prior counsel did not inform her they would be necessary. Chen acknowledges the BIA's determination that this assertion amounts to an ineffective assistance of counsel claim, but contends that she was not required to comply with *Matter of Lozada* because her prior counsel died years before she filed her motion to reopen. 19 I. & N. Dec. 637, 639 (BIA 1988). Given that Chen failed to raise this explanation to the BIA, however, we decline to review it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007).

In any event, Chen fails to acknowledge that the BIA, while rejecting Chen's claim that the evidence was not previously unavailable, nevertheless considered the documents. In so doing, the BIA reasonably concluded that because Chen's letters describe past events involving her alleged trouble with Chinese authorities due to her association with Falun Gong members, they do not demonstrate changed circumstances for purposes of an exception to the applicable filing deadline. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Moreover, Chen's argument that the letters from her mother and friend "are sufficient to prove that she has a *prima facie* eligibility for relief," is unavailing. The BIA reasonably concluded that the new evidence Chen submitted in support of her Falun Gong claim, including the letters, would not "affect the outcome of her proceedings," where she failed to overcome the IJ's adverse credibility determination. *See Kaur*, 413 F.3d at 234.

▮ Finally, the record supports the BIA's finding that Chen failed to demonstrate *prima facie* eligibility for relief under the CAT. We note that the BIA inaccurately found that Chen's evidence did not address the treatment of individuals repatriated to China. Nevertheless, the BIA cannot be said to have abused its discretion in denying Chen's motion without "more particularized evidence" that she was more likely than not to be subjected to torture if returned to China. *Cf. Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without "more particularized evidence").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request

for oral argument in this petition is DE-
NIED in accordance with Federal Rule of
Appellate Procedure 34(a)(2), and Second
Circuit Local Rule 34(d)(1).