**60**

**WEI YING LIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–5810–ag.**

United States Court of Appeals, Second Circuit.

July 21, 2009.

Michael Brown, New York, NY, for Petitioner.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Tony West, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Joan E. Smiley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Wei Ying Liang, a native and citizen of the People's Republic of China, seeks review of a November 17, 2008 order of the BIA denying her motion to reopen. *In re Wei Ying Liang*, No. A076 128 084 (B.I.A. Nov. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Liang's motion to reopen, which was filed more than five years after the agency issued a final order of removal, was untimely. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limitation for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably found that Liang's motion to reopen did not qualify for such an exception.

Indeed, the BIA properly found that Liang failed to establish changed country conditions based on her newly commenced

Attorney General Michael B. Mukasey as respondent in this case.

practice of Falun Gong. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that a change in personal circumstances does not establish an exception to the filing deadline for motions to reopen). Moreover, contrary to Liang's argument, the BIA did not err in relying on the underlying adverse credibility determination in declining to credit Liang's unauthenticated evidence of purportedly changed country conditions. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007); *see also Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).