SUMMARY ORDER

Petitioner Xiao Ai Yue, a native and citizen of the People’s Republic of China, seeks review of an October 1, 2004 order of the BIA denying her motion to reopen. In re Ai Yue Xiao, No. A072 264 776 (B.I.A. Oct. 1, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. See Alt v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). In this case, we find that the agency did not err in denying Yue’s untimely motion to reopen.
Yue argues that her motion to reopen was not subject to the applicable time limitation because she submitted evidence of changed circumstances. However, the birth of her children in the United States constituted changed personal circumstances, rather than changed country conditions, and was thus insufficient to warrant an exception to the time limit under 8 C.F.R. § 1003.2(c)(3)(H). See Wei Guang Wang v. B.I.A., 437 F.3d 270, 273 (2d Cir.2006); Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130 (2d Cir.2005). Moreover, a pending 1-130 visa petition does not constitute evidence of either changed country conditions or prima facie *90 eligibility for relief. See Jian Hui Shao, 546 F.3d at 173.
Yue further argues that the BIA’s failure to consider the impact of her U.S.born children on her asylum claim constituted a violation of her right to due process. However, we find no due process violation here, as Yue had ample opportunity to present testimony and documentary evidence in support of her initial asylum application during her proceedings before the IJ, and her motion to reopen was subsequently reviewed and adjudicated by the BIA. See Yuen Jin v. Mukasey, 538 F.3d 143, 157 (2d Cir.2008).
To the extent Yue argues that remand is warranted so that she may submit additional evidence, we will not remand for the BIA to consider evidence that is not in the administrative record. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007). As Yue does not assert any changed circumstances in China, we cannot find that the BIA abused its discretion in denying her motion.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).