**BE SONG ZONG, a.k.a. Bensong Zhu, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

**No. 09–0403–ag.**

United States Court of Appeals, Second Circuit.

Sept. 2, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, Civil Division,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Acting Attorney General Mark Filip as the respondent in this case.

United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Be Song Zong, a native and citizen of the People's Republic of China, seeks review of a January 9, 2009 order of the BIA denying his motion to reopen. *In re Be Song Zong*, No. A077 745 682 (B.I.A. Jan. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zong's August 2008 motion was untimely where the agency issued its final order of removal in September 2004. However, there is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii). Here, the BIA properly found that Zong's motion did not qualify for such an exception.

It is well-settled that a change in personal circumstances does not excuse the time limit for filing a motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). The BIA reasonably found that Zong's newly commenced participation in the Chi-

na Democracy Party ("CDP") was just such a changed personal circumstance.

The BIA also evaluated whether Zong's evidence demonstrated changed country conditions in China related to that country's treatment of CDP members. We find no error in its conclusion that petitioner failed to meet his burden of showing changes in country conditions sufficient to avoid the time bar on his motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Moreover, as the Government asserts, Zong failed to present any evidence as to the Chinese government's treatment of political dissidents at the time he departed China in 2000 or prior to his final order of removal in 2003, rendering him unable to show that country conditions have materially *changed* since his final order of removal. *See id.*

Accordingly, as Zong is under a final order of removal and did not file a timely motion to reopen or demonstrate materially changed country conditions excusing the untimeliness of his motion, the BIA did not abuse its discretion in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.