SUMMARY ORDER

Petitioner Ling Zheng, a native and citizen of the People’s Republic of China, seeks review of a February 6, 2009 order of the BIA denying her motion to reopen. In re Ling Zheng, No. A077 283 074 (B.I.A. Feb. 6, 2009). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, the BIA did not err in denying Zheng’s motion to reopen as untimely and number-barred where it was her second motion to reopen and it was filed over six years after her 2002 final order of removal. See 8 C.F.R. § 1003.2(c)(2) (providing that an applicant may only file one motion to reopen and that motion must be filed within ninety days of the final administrative decision). There is no time limit on the filing of a motion to reopen alleging eligibility for asylum based on changed country conditions. 8 C.F.R. § 1003.2(c)(2). However, the BIA did not abuse its discretion in finding that Zheng’s motion was based only on a change in her personal circumstance — namely, her involvement with the Christian Democracy Party and her recent conversion to Christianity. It is well-settled that such a change in personal circumstances does not excuse the time limit for filing a motion to reopen. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005).
While Zheng asserts in her brief to this Court that she demonstrated changed *736 country conditions, she made no such argument before the BIA. We decline to consider her unexhausted argument in the first instance. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).