SUMMARY ORDER

Petitioner Ibrahima Samb, allegedly a native and citizen of Mauritania, seeks review of the May 16, 2008 order of the BIA denying his motion to reopen. In re Ibrahima Samb, No. A73 620 113 (B.I.A. May 16, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (per curiam). Here, the BIA did not abuse its discretion in denying Samb’s motion. An alien seeking to reopen proceedings may file one motion to reopen and must file that motion no later than ninety days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Samb’s December 2007 motion was untimely. Moreover, the BIA properly found that Samb’s motion did not qualify for any exception to the time limitation. See 8 C.F.R. § 1003.2(c)(3). It is well-settled that a change in personal circumstances, such as Samb’s marriage or the birth of his two United States citizen daughters, is not evidence of changed country conditions. See Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006); Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005) (per curiam). Nor was Samb eligible to file a successive asylum application based solely on his changed personal circumstances. See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008); In re C-W-L, 24 I. & N. Dec. 346 (B.I.A.2007). Because Samb’s failure to demonstrate changed country conditions was alone proper grounds upon which to deny his motion to reopen, see 8 U.S.C. § 1229a(c)(7)(C)(ii); Yuen Jin, 538 F.3d at 156, we need not reach the issue of whether Samb was prima facie eligible for asylum or withholding of removal.[2]
*471 For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

. Petitioner's underlying claim relates to FGM. We note that several other cases involving similar claims are before this Circuit. Should the law dealing with these claims develop in ways that are favorable to Petitioner, Petitioner is of course free to ask the BIA to reopen his case sua sponte so that, even at that late date, the BIA may, if it chooses, take *471 account of the changes in the law. We intimate no view on any such application.