07-3715-ag
Sun v. Holder

BIA
A073 583 412

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
>    ROSEMARY S. POOLER,
>    BARRINGTON D. PARKER,
>    RICHARD C. WESLEY,
>        *Circuit Judges*.

_____

MEICHANG SUN,
>    *Petitioner*,

>        v.                                          07-3715-ag
>                                                    NAC

ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent*.

_____

FOR PETITIONER:        Matthew L. Guadagno; Jules E. Coven;
                       Kerry W. Bretz, Bretz & Coven, LLP,
                       New York, New York.

---

\*    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

FOR RESPONDENT:         Michael F. Hertz, Acting Assistant
                        Attorney General; Linda S. Wernery,
                        Assistant Director; William C.
                        Minick, Attorney, Office of
                        Immigration Litigation, United States
                        Department of Justice, Washington,
                        D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Meichang Sun, a native and citizen of the People's Republic of China, seeks review of a July 31, 2007 order of the BIA denying her motion to reopen. *In re Meichang Sun*, No. A073 583 412 (B.I.A. July 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Sun's April 2007 motion to reopen was untimely where the BIA issued a final order of removal in June 2002. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to

2

which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In this case, the BIA reasonably found that Sun's motion to reopen did not qualify for such an exception.

It is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005)(per curium) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen). Moreover, because the BIA reasonably found speculative Sun's claim that she violated the family planning policy by having one child, her evidence suggesting that violators of the family planning policy are subjected to economic persecution was not material to her case. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that [s]he will be [persecuted], h[er] fear is speculative at best").

3

Accordingly, the BIA did not abuse its discretion in finding that Sun failed to demonstrate changed country conditions excusing the untimeliness of her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4