09-0476-ag
Weng v. Holder

BIA
A077 977 489

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand ten.

PRESENT:
>        JOHN M. WALKER, JR.,
>        GUIDO CALABRESI,
>        REENA RAGGI,
>                Circuit Judges.

——————————————————————————————————

YAN ZHENG WENG,
>        Petitioner,

>        v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL, BOARD OF IMMIGRATION APPEALS,
>        Respondents.

——————————————————————————————————

09-0476-ag

NAC

FOR PETITIONER:    Thomas D. Barra, Barra & Ieraci, Forest Hills, New York.

FOR RESPONDENTS:    Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yan Zheng Weng, a native and citizen of the People's Republic of China ("China"), seeks review of a January 9, 2009 order of the BIA denying her motion to reopen her removal proceedings. *In re Yan Zheng Weng*, No. A 077 977 489 (B.I.A. Jan. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Weng's second motion to reopen was both untimely and numerically barred. However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA found that Weng failed to demonstrate any change in the Chinese government's treatment of political dissidents. The BIA further found that the changed circumstance Weng alleged – her recent membership in the Christian Democracy Party – reflected a personal change, not a change in country conditions.

Weng does not challenge the BIA's determination that her membership in the CDP constitutes only a change in her personal circumstances, and not a change in country conditions. This is fatal to her claim, as it is well-settled that a change in personal circumstances does not suffice to establish an exception to the timeliness requirement under 8 C.F.R. § 1003.2(c)(3)(ii). *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d

3

Cir. 2005) (finding that a change in personal circumstances does not establish an exception to the filing deadline for motions to reopen); *cf. Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) ("[I]t would be ironic, indeed, if petitioners . . . who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.").

Regardless, because Weng refers only to a very general "deterioration" in the Chinese government's overall human rights record, she has failed to demonstrate a material change in circumstances regarding the treatment of political dissidents in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Thus, we find that the BIA did not abuse its discretion in denying the motion to reopen as untimely and number-barred.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk