**Li Yong ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales,* Respondents.**

**Docket No. 03–4255.**

United States Court of Appeals, Second Circuit.

Submitted: June 9, 2005.

Decided: July 21, 2005.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Susan Lindquist, Assistant United States Attorney for the District of Alaska, Anchorage, AK, on behalf of Timothy M. Burgess, United States Attorney, for Respondents.

Before: JACOBS, SACK, and RAGGI, Circuit Judges.

PER CURIAM.

Li Yong Zheng, a Chinese citizen, petitions for review of a January 16, 2003 order of the Board of Immigration Appeals ("BIA") denying as untimely Zheng's motion to reopen his removal proceedings. We review the BIA's decision for an abuse of discretion. *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

Zheng moved to reopen on July 8, 2002, six years after the BIA dismissed his appeal from the denial of asylum and withholding relief on May 24, 1996. "[A] party may file only one motion to reopen deportation or exclusion proceedings ... and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichev-

er is later." 8 C.F.R. § 1003.2(c)(2). Zheng's motion was untimely under this general rule.

However, section 1003.2(c)(3) affords exceptions: [i] where the order at issue was entered *in absentia,* under certain circumstances, *id.* (c)(3), (c)(3)(i); [ii] where there are "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," *id.* (c)(3)(ii); [iii] where the Government waives the timeliness objection and the motion is jointly filed, *id.* (c)(3)(iii); and [iv] where the motion is filed by the Government, under certain circumstances, *id.* (c)(3)(iv). In addition, the BIA has the authority to reopen any case at any time *sua sponte. Id.* (a). This authority has been exercised to permit the filing of untimely motions to reopen where relief was initially denied on the ground that enforcement of a coercive population control policy does not amount to persecution. *See In re X–G–W–,* 22 I. & N. Dec. 71, 73 (BIA 1998) (*in banc* ).[1]

The BIA did not abuse its discretion in holding that none of these exceptions applied to Zheng, and that his motion to reopen was therefore untimely.

First, the BIA properly held that the changed circumstances exception, § 1003.2(c)(3)(ii), did not apply. Zheng, who claims persecution based on China's population control policy, alleged before the BIA no changed circumstance *in China;* rather he claimed that his personal circumstances *in the United States* had changed—namely his wife had arrived here (illegally) and was pregnant with their second child. This "evidence ...

1. This policy was withdrawn for motions filed more than 90 days after April 10, 2002 (after Zheng filed his motion). *See In re G–C–L–,* 23 I. & N. Dec. 359, 362 (BIA 2002) (*in banc* ).

does not fit under the exception set forth in 8 C.F.R. § [100]3.2(c)(3)(ii)." *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003).[2]

The BIA also properly held that *In re X–G–W–* is inapplicable. The Board reasoned that Zheng's initial appeal was not dismissed solely because enforcement of China's population control policy was not a recognized ground for relief, but also because Zheng was found to lack credibility, "a distinct, alternative basis for the dismissal of his appeal." (To the extent that Zheng may still challenge that initial credibility finding, his challenge reveals no abuse of discretion.)

By its own terms, *In re X–G–W–* applies only "where the alien had previously presented *persuasive* evidence of persecution based on China's 'one couple, one child' policy" and the BIA "previously denied asylum *based on*" cases holding that enforcement of this policy did not constitute persecution. 22 I. & N. Dec. at 74 (emphasis added). The BIA's determination that *In re X–G–W–* does not apply where an adverse credibility finding served as an independent basis for the BIA's initial denial is a reasonable interpretation that merits deference. *See, e.g., Global Crossing Telecomms., Inc. v. FCC*, 259 F.3d 740, 746 (D.C.Cir.2001) ("[W]e must accord deference to an agency's reasonable interpretation of its own precedents[.]"); *cf. Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945) (holding that, when interpreting a regulation, "the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation").

■ Finally, the BIA declined to invoke its authority to act *sua sponte*, stating that it was "not persuaded to exercise [its] limited discretionary authority to reopen in all cases where an alien has had an additional child years after the entry of a final order of deportation." The BIA exercises its *sua sponte* authority "sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." *In re G–D–*, 22 I. & N. Dec. 1132, 1133–34 (BIA 1999) (*in banc*); *accord Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 72–73 (2d Cir.2002). The BIA's reluctance to exercise this authority here is understandable.

We have considered Zheng's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

---

**2.** The regulatory exceptions for orders entered *in absentia*, jointly filed motions, and motions filed by the Government, are obviously inapplicable.