**Jun Tao CHANG, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 02–4887.**

United States Court of Appeals, Second Circuit.

Aug. 31, 2005.

Sunit K. Joshi, Joshi & Associates, PC, New York, New York, for Petitioner.

Robert A. Sharpe, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Albany, New York, for Respondent.

Present: WALKER,Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the decision of the Board of Immigration Appeals is **AF-FIRMED** and the petition for review is **DENIED**.

Petitioner Jun Tao Chang seeks review of a November 8, 2002, order of the Board of Immigration Appeals ("BIA"), denying his "motion to terminate proceedings," which the BIA construed as a motion to reopen. The BIA denied the motion on the grounds that it had been filed out of time under former 8 C.F.R. § 3.2(c)(2). Chang argues that (1) his deportation proceedings were improperly commenced because he was initially paroled into the United States pending exclusion proceedings; (2) the BIA should have exercised its discretion to *sua sponte* reopen proceedings to allow Chang to apply for adjustment of status; (3) principles of res judicata and estoppel suggest he is entitled to have his proceedings reopened; and (4) the BIA should have considered the Immigration and Naturalization Service's ("INS") decision not to file a reply to Chang's motion as an indication that the INS had agreed to and "jointly filed" that motion. Familiarity with the facts and procedural history is assumed. We deny the petition.

Chang's deportation proceedings commenced in June 1995. On his application for asylum and at his hearing in immigration court, Chang, represented by counsel, conceded that he was deportable and claimed to have been smuggled into the

United States via New York in February 1989. The immigration judge denied Chang's applications for asylum and withholding of removal in December 1996, a decision which the BIA affirmed in July 1998. Chang was given until August 1998 to voluntarily depart from the United States. Four years later, in September 2002, Chang filed with the BIA a "motion to terminate proceedings." He attached to his motion an exhibit purporting to demonstrate that, rather than having been smuggled into New York in 1989, he had initially been apprehended by immigration authorities in Los Angeles in March 1991, and temporarily paroled into the United States pending exclusion proceedings. He also attached both evidence that he had been married in October 1996 to a woman who was at the time a lawful permanent resident and who subsequently became a U.S. citizen, and an approved I–130 Adjustment of Status petition.

■ We review the BIA's decision to deny a motion to reopen for abuse of discretion. *See Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). Former 8 C.F.R. § 3.2(c)(2), now codified at 8 C.F.R. § 1003.2(c)(2), provides that, subject to limited exceptions, a motion to reopen removal proceedings must be filed "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Chang's motion was filed over four years after the final administrative decision in this case. Chang claims that his motion falls within the exception delineated by § 1003.2(c)(3)(iii), which allows for reopening outside the ninety-day window where the motion is "[a]greed upon by all parties and jointly filed." While the INS apparently did not file papers with the BIA responding to Chang's motion, there is nothing in the record indicating that the motion was jointly filed or otherwise agreed to by the INS. The BIA thus did not abuse its discretion in refusing to deem Chang's motion timely under this exception.

■ Nor did the BIA err in refusing to exercise its authority to *sua sponte* reopen removal proceedings. "The BIA exercises its *sua sponte* authority 'sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations.'" *Zheng v. United States Dep't of Justice*, 416 F.3d 129, 131 (2d Cir.2005) (quoting *In re G–D–*, 22 I. & N. Dec. 1132, 1133–34, 1999 WL 1072237 (BIA 1999) (*en banc*)). Chang argues that because he was initially paroled into the United States pending an *exclusion* proceeding (which he apparently never attended, having absconded and gone into hiding for several years), it was improper for the INS to commence *deportation* proceedings against him. Chang, however, conceded that he was deportable at his hearing in 1996, and never claimed to be subject to exclusion. In any event, he does not explain how he was prejudiced by the commencement of deportation proceedings rather than exclusion proceedings; and we see no reason why the BIA should have afforded him the "extraordinary remedy" of reopening under the circumstances.

We have carefully considered Chang's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DENIED.