**Qi Hang GUO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

**No. 05–1678–AG.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2006.

866

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

James R. Dedrick, Acting United States Attorney for the Eastern, District of Tennessee, James T. Brooks, Assistant United States, Attorney, Chattanooga, Tennessee, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qi Hang Guo petitions for review of a BIA decision denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). Abuse of discretion may be found where the Board's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v.*

*DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

 A motion to reopen must be filed within ninety days of the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). However, even if the ninety-day statute of limitations has passed, the BIA may entertain a motion to reopen in the interest of justice, and, for example, for "asylum claims which arise due to a change in circumstances in the country of the alien's nationality after the initiation of the deportation proceedings." *Iavorski,* 232 F.3d at 131. Here, the BIA correctly denied Guo's motion as time-barred, as his motion was filed almost two years after the BIA's January 2003 order, which Guo sought to reopen. This Court's September 2005 vacatur of the BIA's denial of Guo's Convention Against Torture claim did not affect the ninety-day deadline because the portion of the BIA's order now at issue was left intact by this Court's order.

 Further, the BIA also properly concluded that the birth of Guo's children in the United States did not constitute changed country conditions which would warrant reopening his immigration proceedings. *See Li Yong Zheng v. United States Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). Moreover, the BIA did not abuse its discretion in declining to *sua sponte* reopen Guo's case, as the BIA's *sua sponte* authority should be used "sparingly," only in "truly exceptional situations." *Id.* at 131 (finding the BIA's "reluctance" to exercise its authority "understandable" where the petitioner claimed his American-born children warranted reopening his case).

For the foregoing reasons, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).