Hui LIN, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–4733–AG.

United States Court of Appeals, Second Circuit.

March 20, 2006.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Jr., and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, of this petition for review of the Board of Immigration Appeals ("BIA") decision it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Hui Lin petitions for review of the August 15, 2005 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen exclusion proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the agency's denial of a motion to reopen for abuse of discretion. This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these time limitations can be brought only where the alien can establish "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005).

Here Lin's motion to reopen was not timely filed, and Lin cannot establish changed circumstances. In *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130 (2d Cir.2005), this Court explained that the birth of children in the United States does not constitute changed circumstances. In the instant case, the births of Lin's daughters in the United States was not a change in circumstances in China, but rather a change in Lin's own personal circumstances. Therefore, the denial of Lin's motion to reopen was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.