**ZHENG XUE LING, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\* Respondent.**

No. 04–5848–ag.

United States Court of Appeals, Second Circuit.

Sept. 14, 2006.

Michael Brown, New York, New York, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Paula D. Silsby, United States Attorney for the District of Maine, James M. Moore, Assistant United States Attorney, Bangor, Maine, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Zheng Xue Ling, a native and citizen of the People's Republic of China, petitions for review of the October 7, 2004 decision of the BIA denying his second motion to reopen removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of this case.

An alien is limited to one motion to reopen removal proceedings. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). A motion that does not comply with these numerical limitations can be brought where the alien can establish "changed circumstances arising in the country of nationality," but only "if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Ling argues in his petition for review that the Chinese government's confiscation of his Falun Gong materials—which he appears to have mailed from the United States to his parents in China sometime after his initial application for asylum was denied by the IJ and the BIA—established a change in circumstances within the meaning of 8 C.F.R. § 1003.2(c)(3)(ii). In support of his second motion to reopen, Ling submitted a letter from his mother stating that after the confiscation of his Falun Gong materials by Chinese customs authorities, (1) "public securities [officials]

suddenly rushed into our home," stating that Ling had "colluded with [a] reactionary organization ... and mailed evil materials to China"; and that those officials then (2) "ordered" Ling's father "to urge [Ling] to surrender to China"; and (3) "[l]ater on ... often came to our home to harass [Ling's mother], forcing [her] to urge [her] son to come back to China to accept punishment." J.A. at 41–42. In addition, Ling submitted an alleged notice from the "Villager Committee of Lian Village," stating that Ling had "join[ed][a] reactionary evil religion" and ordering Ling's parents to "cooperate[ ] with the local government actively" to urge Ling "to come back to surrender to court, and try for lenity." The notice also warned Ling that "[o]therwise, once we capture you, we could punish you very severely." J.A. at 37.

The plain language of 8 C.F.R. § 1003.2(c)(3)(ii) provides that "changed circumstances" must "aris[e] in the country of nationality," rather than the United States, and we have emphasized before that "[a] self-induced change in personal circumstances" does not suffice to merit the granting of a time-barred or numerically-barred motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir.2006) (rejecting "apparent gaming of the system in an effort to avoid deportation"); *see also Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130 (2d Cir.2005) (holding that birth of child in the United States does not qualify as "changed country conditions"). It is unclear on this record, however, whether Ling's alleged practice of Falun Gong in the United States after the denial of his asylum application, combined with the subsequent confiscation of his materials by Chinese authorities, constitutes "changed circumstances arising in the country of nationality" within the meaning of 8 C.F.R.

§ 1003.2(c)(3)(ii), or instead an orchestrated effort by petitioner to increase his chances of successfully remaining in this country. We are also unable to conclude definitively whether Ling's "evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii), inasmuch as the translated postmark on the letter from Ling's mother is dated July 30, 2001, even though the letter itself refers to the denial of Ling's asylum application by "immigration and BIA," the latter of which occurred on July 14, 2003.[1]

In light of the unresolved legal and factual issues raised by the petition for review, we remand to the BIA to determine (1) whether Ling has established "changed circumstances arising in the country of nationality" within the meaning of 8 C.F.R. § 1003.2(c)(3)(ii); (2) whether the evidence presented "is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); and, if so, whether (3) reopening is warranted in the exercise of the BIA's discretion under 8 C.F.R. § 1003.2(a).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

1. The translated notice from the "Villager Committee," by contrast, is dated December 20, 2003, J.A. at 37, seventeen days after the denial of Ling's first motion to reopen before the BIA, in which Ling had presented evidence that he had become a practitioner of Falun Gong, *see In re Zheng Xue Ling*, File No. A 77–323–033 (BIA Dec. 3, 2003).