**CHANG HUA JIANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–0322–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2007.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Chang Hua Jiang, a citizen of China, seeks review of a January 9, 2007 order of the BIA, affirming the June 9, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying his motion to reopen his deportation proceedings and rescind his *in absentia* deportation order. *In re Chang Hua Jiang,* No. A70 584 806 (B.I.A. Jan. 9, 2007), *aff'g* No. A70 584 806 (Immig. Ct. N.Y. City June 9, 2006). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme*

*Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the denial of a motion to reopen for recision of an *in absentia* order, or "motion to rescind," under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). Here, to the extent that Jiang sought both to rescind the *in absentia* order and reopen the proceedings on the basis of new evidence, we construe the BIA order under review as having addressed two distinct motions. *Id.*

▇▇ In his brief, Jiang does not challenge the BIA's finding that he failed to demonstrate exceptional circumstances warranting the tolling of the time limitation for filing a motion to rescind. Specifically, Jiang does not contest the BIA's determination that he was represented by different counsel at the time the *in absentia* order was entered. As such, we deem that issue abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In any event, although this Court has stated that ineffectiveness of counsel may toll the time period for filing a motion to reopen, the availability of the doctrine depends on the alien's exercise of due diligence throughout the period sought to be tolled. *See Iavorski v. United States INS*, 232 F.3d 124, 134 (2d Cir.2000). Here, Jiang failed to exercise due diligence because he waited nearly eight years after the entry of the deportation order before he filed his motion to rescind. Further, even assuming that the time period should have been tolled until his receipt of the record of his deportation proceedings, Jiang failed to file his motion to rescind within 180 days of such receipt. Thus, the BIA did not abuse its discretion in denying Jiang's motion to rescind as untimely. *See* 8 U.S.C § 1229a.

▇▇ Insofar as Jiang also moved to reopen his proceedings based on changed country conditions and the birth of his United States-born children, the motion was also properly denied. This Court has held that the birth of children in the United States is not sufficient to establish changed country conditions. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). Further, to the extent Jiang argues that China's family planning policy has intensified, thus constituting a change in country conditions, Jiang provided no evidence before the BIA to support a finding that the policy has been applied in Hong Kong. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

▇▇ Finally, by not presenting the issues in his brief to this Court, Jiang has waived any argument concerning his successive asylum application and his application for adjustment of status. *Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).