SUMMARY ORDER

Petitioner Yi Ren Zheng, a native and citizen of the People’s Republic of China, seeks review of an August 14, 2006 order of the BIA denying his motion to reopen. In re Yi Ren Zheng, No. A72 368 652 (B.I.A. Aug. 14, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
The agency did not abuse its discretion in denying Zheng’s motion to reopen as untimely. An alien seeking to reopen proceedings must file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). However, there is no time limit for filing a motion to reopen if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). Here, the agency properly found that Zheng’s motion to reopen did not qualify for such an exception. Indeed, it is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005).
The agency also reasonably concluded that Zheng had not demonstrated that the time limitation for filing his motion to reopen was excused by changed country conditions where he submitted no evidence of country conditions in support of his motion. Moreover, the agency did not abuse its discretion by declining to consider evidence that was not in the record. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001). We will not remand for consideration of such evidence. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 261-62 (2d Cir.2007).
Finally, inasmuch as Zheng is under a final order of deportation and did not file a timely motion to reopen or demonstrate changed country conditions excusing the untimeliness of his motion, he was not eligible to file a successive asylum application based on his changed personal circumstances. See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.