CHANG LI JIANG, Petitioner,

v.

Eric H. HOLDER, Jr., U.S. Attorney General,[1] Respondent.

No. 08–4593–ag.

United States Court of Appeals, Second Circuit.

Aug. 4, 2009.

Thomas Jacob Goodman, New York, New York, for Petitioner.

Tony West, Assistant Attorney General, Michelle G. Latour, Assistant Director, Michele Y.F. Sarko, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, REENA RAGGI, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Li Jiang, a native and citizen of the People's Republic of China, petitions for review of an August 22, 2008 order of the BIA denying his motion to reopen. *In re Chang Li Jiang,* No. A075 842 256 (B.I.A. Aug. 22, 2008). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). In so doing, we assume the parties' familiarity with the underlying facts and procedural history in this case.

Jiang contends that the BIA erred in holding that his motion to reopen was barred by 8 C.F.R. § 1003.2(c)(2)'s time and numerical limitations. Specifically, he argues that the time and numerical limitations are inapplicable because he carried his burden to show that circumstances in China had changed materially. *See* 8 C.F.R. § 1003.2(c)(3)(ii). We disagree. Jiang's newly proffered evidence, which demonstrated that he joined the China Peace and Democracy Federation (CPDF) while in the United States, showed a change in personal circumstances, and not

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

any change in country conditions. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

Jiang contends that China's "attacks" on Tibet in the summer of 2008 warrant a different conclusion. *See* Petitioner's Br. at 11. But Jiang made no such argument before the BIA; it is therefore unexhausted. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

Because the BIA did not abuse its discretion in holding that Jiang's motion was time and numerically barred, Jiang's argument regarding his *prima facie* eligibility for relief is beside the point, and we will not address it.

For the foregoing reasons, the petition for review is DENIED.