SUMMARY ORDER

Petitioner Tak Man Lee, a native and citizen of the People’s Republic of China, seeks review of a January 14, 2009 order of the BIA denying his motion to reopen. In re Tak Man Lee, No. A070 905 453 (B.I.A. Jan. 14, 2009). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limit for filing a motion to reopen if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). In this case, the BIA reasonably found that Lee’s motion to reopen did not qualify for such an exception.
Indeed, Lee failed to establish sueh circumstances based on the birth of his U.S. citizen children. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005); see also Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006). As the BIA noted, the country conditions evidence that Lee cited in his motion to reopen stated that enforcement of the family planning policy had continued as opposed to stating that conditions had changed. Here, aside from referencing his own unsupported statement in his motion to reopen that the Chinese family planning policy had “tightened,” Lee cites evidence that is not in the record of his case; however, in considering a petition for review of a final order of removal, we must “decide the petition only on the administrative record on which the order of removal is based.” 8 U.S.C. § 1252(b)(4)(A).
*464 For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).