**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2716
_____

JING XIU LIU,
a/k/a Jin Xiu Liu,
a/k/a Jin Gui Liu

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-855-746)
Immigration Judge: Honorable Daniel A. Meisner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
Opinion filed May 23, 2011
_____

OPINION
_____

PER CURIAM.

Jing Liu petitions for review of a final order of the Board of Immigration

Appeals ("BIA"), which dismissed her motion to reopen as time and number barred.  For

the following reasons, we will deny the petition for review.

Liu is a native and citizen of the People's Republic of China.  She entered

the United States without inspection on September 18, 1998. The government initiated removal proceedings the following day. She was charged with being removable pursuant to 8 U.S.C. § 1182(a)(6)(i) (entering the country without being admitted or paroled). She conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture.

At a hearing before the Immigration Judge ("IJ"), Liu testified that she feared persecution in China on account of the country's birth-control policy. At the time of the hearing, Liu was twenty-two years old, unmarried, and had never been pregnant. Despite never having violated China's birth-control policy, she claimed that she had a well-founded fear of future persecution. This claim was based on actions that family-planning officials had taken against her mother, who had given birth to five children. Liu testified that family-planning officials once came to her house looking for her mother. These officials destroyed several household items and removed other items from the house. Two days later, Liu's mother was involuntarily sterilized.

The IJ made an adverse credibility determination. The IJ was doubtful of Liu's ability to recall the exact date that the family-planning officials came to her house, as this event had occurred nine years before the hearing. In addition, Liu admitted that, when she was apprehended at the border, she had lied to immigration officials about her age and the whereabouts of her father. The IJ denied relief and ordered her removed to China. The BIA affirmed without comment in September 2002.

2

In December 2007, Liu filed a motion to reopen. She had been married and given birth to two children since last she appeared before the BIA. She argued that, as a result, she would be subject to China's birth-control policy if she were removed. This, she claimed, constituted changed country conditions. The BIA concluded that the motion was untimely and that Liu did not meet any of the exceptions to the restrictions on motions to reopen.

In February 2009, Liu filed a second motion to reopen, reasserting her argument about changed country conditions. She also argued that the State Department's 2007 profile on China was erroneous because it relied on mistranslations of certain Chinese documents. The BIA denied the motion in August 2009, finding that it was both time and number barred. The BIA again found that Liu did not meet any of the exceptions that would allow her to file an untimely or second motion to reopen.

In October 2009, Liu filed a third motion to reopen, which is the subject of this petition for review. She also filed a motion to reconsider the BIA's August 2009 decision. She reasserted her argument about the reliability of the State Department's 2007 report. The BIA denied the motion for reconsideration as untimely. The BIA also denied the motion to reopen, again finding that the motion was time and number barred,

3

and that Liu had not established that any exceptions applied. Liu filed a timely petition for review.[1]

We have jurisdiction to hear this appeal under 8 U.S.C. § 1252(a)(1). We review denials of motions to reopen for abuse of discretion. Liu v. Attorney Gen., 555 F.3d 145, 148 (3d Cir. 2009). We will reverse only if the decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citation and quotation marks omitted). We conclude that the BIA did not abuse its discretion in denying Liu's motion to reopen.

An alien is limited to one motion to reopen, which must be filed within ninety days of the final administrative order. 8 U.S.C. § 1229a(c)(7)(A); 8 U.S.C. § 1229a(c)(7)(C)(i). The present motion to reopen, which is Liu's third, and which she filed more than seven years after the final administrative order, is both time and number barred. However, the time and number limits for motions to reopen do not apply when an alien presents evidence of "changed country conditions arising in the country of nationality [. . .] if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii);

---

[1] Although the BIA denied both the motion to reopen and the motion for reconsideration, Liu addresses only the former in her counseled brief. Accordingly, she has waived any challenge to the denial of the motion for reconsideration. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief [. . .]") (internal quotation marks and citation omitted).

4

8 C.F.R. § 1003.2(c)(3).

Liu argues that the BIA abused its discretion in finding that she did not establish changed country conditions in China. We disagree. She claims that, because she has given birth to two children in the United States, she has violated China's birth-control policy. As a result, she would be sterilized if she were removed to China. However, the basis for her argument is a change in her personal conditions—namely, the birth of her children. This event does not amount to changed conditions in China. Zheng v. United States Dep't of Justice, 416 F.3d 129, 130-31 (2d Cir. 2005).

Finally, the BIA did not abuse its discretion in denying Liu's motion to remand. In that motion, she attacks the accuracy of the State Department's 2007 report, Profiles of Asylum Claims & Country Conditions for China. We recently cited with approval the BIA's opinions addressing this report. See Chen v. Attorney Gen. of the United States, 2011 WL 923353, *3 (3d Cir. March 18, 2011). According to the BIA, the "State Department reports on country conditions, including the Profiles of Asylum Claims & Country Conditions, are 'highly probative evidence and are usually the best source of information on conditions in foreign nations.'" Id., (quoting Matter of H-L-H & Z-Y-Z-, 25 I. & N. Dec. 209, 213 (BIA 2010)). Liu fails to provide any basis for questioning the reliability of the profile.

Accordingly, we will deny the petition for review.