11-2043-ag
Wang v. Holder

BIA
A070 888 859

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of March, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> REENA RAGGI,
> > *Circuit Judges.*

_____

ZHEN KAI WANG,
> *Petitioner,*

v.                                          11-2043-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Eric Y. Zheng, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Juria L. Jones,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhen Kai Wang, a native and citizen of the People's Republic of China, seeks review of a May 12, 2011, decision of the BIA denying his motion to reopen. *In re Zhen Kai Wang*, No. A070 888 859 (B.I.A. May 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Wang's motion was indisputably untimely and number-barred because it was filed more than ten years after the agency's final order of removal and because it was his third motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), there are no time or numerical limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been

2

ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Wang's conversion to Christianity constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely and number-barred filing of his motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). Moreover, the BIA did not err in finding that Wang failed to demonstrate a change in country conditions since the time of his previous proceedings because he failed to provide baseline evidence concerning conditions in China at the time of his 1998 hearing or address the fact that the 1998 U.S. Department of State report, "China: Profile of Asylum Claims and Country Conditions," which was submitted at the time of his hearing, indicated that the Chinese government repressed, harassed, and persecuted unauthorized and unregistered religious groups at that time. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S-Y-G*, 24 I & N Dec. 247, 253 (BIA 2007)

3

("compar[ing] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Therefore, the BIA did not abuse its discretion in denying Wang's motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); *see also* 8 C.F.R. § 1003.2(c).

We further find no error in the BIA's denial of Wang's motion on the grounds that he had not submitted an asylum application as required by regulation. *See* 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4