11-2759-ag
Chen v. Holder

BIA
A078 387 919

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

PRESENT:
      PIERRE N. LEVAL,
      DEBRA ANN LIVINGSTON,
      CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

ZHEN YU CHEN,
      *Petitioner,*

      v.                       11-2759-ag
                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | H. Raymond Fasano, New York, New York. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhen Yu Chen, a native and citizen of the People's Republic of China, seeks review of a June 10, 2011, decision of the BIA denying his motion to reopen. *In re Zhen Yu Chen*, No. A078 387 919 (B.I.A. June 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Li's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating the motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Although Chen's motion was indisputably untimely because it was filed more than three years after the agency's final order of removal, *see* 8 U.S.C.

§ 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen to apply or reapply for asylum if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in finding that Chen failed to establish such circumstances based on his newly-commenced practice of Christianity in the United States. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen).

Moreover, the BIA did not abuse its discretion in finding that Chen failed to establish a material change in country conditions as required to except his motion from the time limitation, as the record evidence reflected merely a continuation of conditions that existed prior to Chen's 2005 hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R.

3

§ 1003.2(c)(3)(ii); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (noting that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Indeed, the BIA, referencing the U.S. State Department and organizational reports and newspaper articles in the record, reasonably found that this country conditions evidence did not indicate an intensification in the persecution of unregistered Christians in China since Chen's 2005 proceedings, but rather reflected an ongoing policy of repression, harassment, and mistreatment of unsanctioned religious worship. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.").

Finally, given the BIA's explicit references to the documentation submitted with the motion to reopen, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any of Chen's evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006)(holding that the BIA is not required to

4

"expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings").  Accordingly, the BIA did not abuse its discretion by denying Chen's motion.  *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk