10-1999-ag
Guan v. BIA

BIA
A078 733 219

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

PRESENT:
>     ROSEMARY S. POOLER,
>     PETER W. HALL,
>     GERARD E. LYNCH,
>          *Circuit Judges.*

_____

BING GUAN,
>     *Petitioner,*

>          v.                                    10-1999-ag
>                                                NAC

BOARD OF IMMIGRATION APPEALS,
>     *Respondent.*

_____

FOR PETITIONER:          Peter S. Gordon, Forest Hills, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; C. Frederick Sheffield, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bing Guan, a native and citizen of China, seeks review of a BIA order denying her motion to reopen her removal proceedings. *In re Bing Guan*, No. A078 733 219 (B.I.A. May 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Because Guan's motion was untimely and number-barred she was required to establish changed country conditions to except it from the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C). Substantial evidence supports the BIA's conclusion that she did not establish changed country conditions. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

As the BIA noted, Guan's adoption of Falun Gong constituted a change in her personal circumstances, not a change in conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005)*; Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008).

Contrary to Guan's argument, the record does not compel the conclusion that the BIA ignored her evidence of conditions in China because the BIA expressly noted that she had presented reports and articles concerning country conditions. *See Shao*, 546 F.3d at 169 (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)*; Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Having considered that evidence, the agency reasonably concluded that Guan did not establish a change in country conditions. While some evidence in the record indicated that human rights conditions in China deteriorated during

2

the time of the 2008 Olympics, there was also evidence - including a U.S. State Department human rights report on China - indicating that the repression of Falun Gong adherents has been constant and ongoing since the time of Guan's hearing in 2001. Thus, Guan did not submit evidence compelling the conclusion that there had been a significant increase in the persecution of Falun Gong adherents between 2001 and 2008. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Accordingly, the BIA did not abuse its discretion in denying Guan's motion.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3