Xia v. Sessions

BIA
A097 512 072

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

XIU KE XIA,
> *Petitioner,*

> v.                                              12-2063
>                                                 NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Oleh R. Tustaniwsky, Brooklyn, NY.

**FOR RESPONDENT:**          Stuart F. Delery, Principal Deputy Assistant Attorney General; James A. Hunolt, Senior Litigation

Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Ke Xia, a native and citizen of the People's Republic of China, seeks review of an April 30, 2012, decision of the BIA, denying his motion to reopen. *In re Xiu Ke Xia,* No. A097 512 072 (B.I.A. Apr. 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Xia asserted that he feared persecution in China because he had begun practicing Falun Gong in the United States.

It is undisputed that Xia's 2011 motion to reopen was untimely; it was filed more than three years after his removal order became final in 2007. *See* 8 U.S.C.

2

§ 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Xia failed to demonstrate such conditions.

Xia's practice of Falun Gong in the United States is a change in personal circumstances, not a change in conditions in China as required to excuse the time limitation. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, reports from the U.S. Department of State

3

demonstrate that the Chinese government has outlawed and mistreated Falun Gong practitioners since before Xia's 2006 hearing. And, contrary to Xia's contention, the record does not establish that government officials are aware or likely to become aware of his Falun Gong practice. *Cf. Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

Accordingly, given the country conditions evidence of mistreatment of Falun Gong practitioners at the time of Xia's hearing, and the continuation of such conditions at the time he filed his motion, the BIA reasonably concluded that his evidence did not demonstrate a material change in country conditions excusing the untimely filing of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also In re S-Y-G-*, 24 I. & N. Dec. at 253, 257. We do not consider Xia's argument that he established his prima facie eligibility for relief because the BIA did not consider that issue apart from finding no

4

material change in conditions for Falun Gong practitioners in China.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for that decision.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court