Zhao v. Barr

BIA
A077 107 399

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand twenty.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
RICHARD J. SULLIVAN,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

JINBEI ZHAO, AKA KAZUMI MILYATA,
*Petitioner*,

v.                                              13-22
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Kiley Kane,
                         Senior Litigation Counsel; Jane T.
                         Schaffner, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinbei Zhao, a native and citizen of the People's Republic of China, seeks review of a December 7, 2012 decision of the BIA, denying her fourth motion to reopen. *In re Jin Bei Zhao,* No. A077 107 399 (B.I.A. Dec. 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history.

Zhao was ordered removed in 2005 and filed her fourth motion to reopen in 2012, in which she asserted that she had begun to practice Christianity and that she feared religious persecution in China. In general, a party may file only one motion to reopen a proceeding before the BIA, and that party must file such a petition within ninety days after the date on which the BIA rendered its final decision. *See* 8 U.S.C. § 1229a(c)(7)(A) & (C)(i); 8 C.F.R. § 1003.2(c)(2). It is thus undisputed that Zhao's 2012 motion was untimely and number-barred because it was her fourth motion to reopen,

2

filed more than seven years after her removal order became final.

However, the time and number limitations for filing a motion to reopen do not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *accord* 8 C.F.R. § 1003.2(c)(3). Zhao argued to the BIA that China's worsening treatment of Christians constituted such a changed country condition, thereby allowing her to bring her motion. The BIA disagreed, finding that Zhao had not demonstrated changed country conditions, and therefore holding that her motion was time- and number-barred.

We review the BIA's denial of a motion to reopen for abuse of discretion and its evaluation of country conditions evidence for substantial evidence. *Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). We find that substantial evidence supports the BIA's determination that the relevant country conditions had not changed from 2004 to 2012, and

that the BIA did not abuse its discretion in denying Zhao's motion to reopen.

As a threshold matter, Zhao's conversion to Christianity was a change in personal circumstances, not a change in conditions in China. Only the latter would excuse the time and number limitations. *See Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005).

More to the point, substantial evidence supports the BIA's determination that the Chinese government has continuously repressed unregistered religious groups since before Zhao's 2004 proceedings and that the repression has varied in degree and region from year to year. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Because Zhao submitted only limited evidence of country conditions at the time of her merits hearing, the BIA properly took administrative notice of the U.S. State Department's 2004 Profile of Asylum Claims and Country Conditions, which

establishes that repression of unregistered Christian churches was widespread in Fujian Province at that time. *See* 8 C.F.R. § 1003.1(d)(3)(iv).

Further, the BIA did not err in declining to credit Zhao's son's unsworn letter on the ground that it was prepared for this litigation and contained few details about his alleged arrest and beating in 2011. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). At any rate, the letter does not discuss a change in country conditions since the time of Zhao's hearing but rather describes an incident similar to those discussed in the country conditions evidence from that time. *See In re S-Y-G-*, 24 I. & N. Dec. at 253.

Accordingly, because the BIA reasonably concluded that Zhao failed to demonstrate a material change in conditions in China, it did not abuse its discretion in denying her motion as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A) & (C). Because the denial as untimely and number barred is dispositive, we do not reach Zhao's argument that she established her prima facie eligibility for relief—an issue not properly before us because the BIA did not consider it. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed

the basis for [the BIA's] decision.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6