10-4757-ag
Lin v. Holder

BIA
A077 921 974

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of August, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

MAN TAT LIN, AKA WEN DA LIAN,
> *Petitioner,*

v.                                              10-4757-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Man Tat Lin, a native and citizen of the People's Republic of China, seeks review of an October 28, 2010, decision of the BIA denying his motion to reopen. *In re Man Tat Lin, aka Wen Da Lian*, No. A077 921 974 (B.I.A. Oct. 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Lin's motion was indisputably untimely and number-barred because it was filed more than nine years after the agency's final order of removal and because it was his

2

second motion, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there are no time or numerical limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Lin's newly commenced practice of Christianity constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely and number-barred filing of his motion to reopen.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen).  Moreover, the BIA did not err in finding that the country conditions evidence that Lin submitted in support of his motion to reopen did not demonstrate a material change in country conditions excusing the untimely and number-barred filing of his motion because

3

it indicated that since Lin's 2000 deportation hearing, the Chinese government had *continually* repressed unregistered Christian churches in certain areas. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Furthermore, in light of evidence that the treatment of unregistered religious groups varied widely from region to region, the BIA reasonably found evidence that the Chinese government had intensified its repression of unregistered religious groups surrounding and following the 2008 Olympics immaterial to Lin's motion because that intensification occurred in regions other than Lin's home province. *Cf. Jian Hui Shao*, 546 F.3d at 142, 149 (accepting the BIA's evidentiary framework requiring an applicant to demonstrate that enforcement of the family planning policy is carried out in his or her local area in a manner that would give rise to a well-founded fear of persecution because of local variations in the enforcement of that policy). Accordingly, because the record does not compel the conclusion that the treatment of practitioners in unregistered Christian churches in Lin's home province had changed materially since the time of Lin's 2000 hearing, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169, the BIA did not abuse its discretion in denying Lin's

4

motion to reopen as untimely and number-barred.  *See*
8 U.S.C. § 1229a(c)(7); *see also* 8 C.F.R. § 1003.2(c)(3).

For the foregoing reasons, the petition for review is
DENIED.  As we have completed our review, any stay of
removal that the Court previously granted in this petition
is VACATED, and any pending motion for a stay of removal in
this petition is DISMISSED as moot. Any pending request for
oral argument in this petition is DENIED in accordance with
Federal Rule of Appellate Procedure 34(a)(2), and Second
Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk