10-3251-ag
Chen v. Holder

BIA
A077 913 677
A078 707 481

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> DENNY CHIN,
> *Circuit Judges.*

_____

BI ZHU CHEN, LONG QING CHEN,
> *Petitioners,*

v.                                          10-3251-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:       John Chang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Holly M. Smith, Senior
                       Litigation Counsel; Joseph D. Hardy,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bi Zu Chen and her husband, Long Qing Chen, natives and citizens of the People's Republic of China, seek review of a July 27, 2010, decision of the BIA denying their motion to reopen. *In re Bi Zu Chen, Long Qing Chen*, Nos. A077 913 677, A078 707 481 (B.I.A. July 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of the Chens' motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although the Chens' motion was indisputably untimely because it was filed more than six years after the agency's final

2

order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA did not abuse its discretion in finding that Mr. Chen's newly commenced practice of Christianity and his recent illness constituted changes in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of the Chens' motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen). Moreover, the BIA did not err in finding that the country conditions evidence that the Chens submitted in support of their motion to reopen did not demonstrate a material change in country conditions excusing the untimely filing of their motion because, although the evidence indicated that the

3

Chinese government had begun a "crackdown" against leaders of unregistered Christian churches, it did not indicate that the treatment of Christians practicing in those churches had changed. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169. Accordingly, the BIA did not abuse its discretion in denying the Chens' motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4