11-2452-ag
Yang v. Holder

BIA
A099 936 305

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

PRESENT:
            RALPH K. WINTER,
            ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                Circuit Judges.
_____

XIUHUI YANG,
        *Petitioner*,

        v.                                    11-2452-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*[*]
_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; James E. Grimes, Senior
                       Litigation Counsel; Sarah Maloney,

---

[*] The Clerk of the Court is respectfully directed to amend the caption to read as shown above.

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiuhui Yang, a native and citizen of the People's Republic of China, seeks review of a June 8, 2011 decision of the BIA denying her motion to reopen. *In re Xiuhui Yang*, No. A099 936 305 (B.I.A. June 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Yang's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where, as here, the BIA considers relevant evidence of country conditions in evaluating the motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R.

§ 1003.2(c)(2).  Although Yang's motion was indisputably untimely because it was filed more than two years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen to apply or reapply for asylum if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding,"  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  A change in personal circumstances in the United States does not constitute a change in country conditions.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005).

Here, the BIA did not abuse its discretion in finding that Yang failed to establish such circumstances based on her newly-commenced practice of Christianity in the United States.  Moreover, and contrary to Yang's argument, the BIA did not find that her motion to reopen was based solely on her changed personal circumstances because it also considered whether she had demonstrated a material change in conditions in China since the time of her 2008 merits

3

hearing and reasonably concluded that she had not. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Indeed, the BIA—referencing, among other documents, various State Department reports—reasonably found that Yang's evidence did not show an intensification in the persecution of Christians in China since Yang's 2008 proceedings, but rather reflected a continuation of the policy of the Chinese government of suppression of unsanctioned religious activity. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). Although a 2009 ChinaAid.org Report and several newspaper articles indicated an increase in the persecution of Christians in some areas of China, the BIA did not abuse its discretion in giving more weight to the State Department reports, as there was no evidence to demonstrate the reliability of the other evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006).

Accordingly, because substantial evidence supports the BIA's conclusion that Yang failed to establish a material change in conditions in China, the BIA did not abuse its discretion in denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk