10-4769-ag
Jiang v. Holder

BIA
A077 317 739

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
>        ROSEMARY S. POOLER,
>        RICHARD C. WESLEY,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

_____

ZHU JIAO JIANG,
>        *Petitioner,*

>        v.                                     10-4769-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Yerman & Associates, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Mark C. Walters, Senior Litigation Counsel; Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhu Jiao Jiang, a native and citizen of the People's Republic of China, seeks review of an October 27, 2010, decision of the BIA denying her motion to reopen. *In re Zhu Jiao Jiang,* No. A077 317 739 (B.I.A. Oct. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Jiang's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Jiang's motion was indisputably untimely and number-barred because it was filed almost seven years after the agency's final order of deportation and it was her second motion to

2

reopen. *See* 8 U.S.C. § 1229a(c)(7)(A),(C)(i), there are no time limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Jiang's newly commenced practice of Christianity constituted a change in her personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of her motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). Moreover, the BIA reasonably concluded that the evidence that Jiang submitted in support of her motion did not demonstrate a material change in conditions excusing the untimely and number-barred filing of her motion because the evidence showed only that, since Jiang's 2002 removal proceedings, the Chinese government had *continually* repressed the practice of Christianity in certain areas. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Furthermore, although the Chinese government may have intensified its repression of unregistered religious groups in certain regions leading up to the 2008 Olympics, that intensification was not material to Jiang, as she was from a province not mentioned with respect to the intensification, and she filed her motion more than one year after the Olympics had concluded. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169. Accordingly, the BIA did not abuse its discretion in denying Jiang's motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7); *see also* 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4