Lian v. Holder

BIA
A077 660 310
A079 306 964

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand thirteen.

PRESENT:
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

DAN YU LIAN, QING DENG ZHENG,
        *Petitioners,*

        v.                                    12-2484
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        Adedayo O. Idowu, New York, New
                        York.

FOR RESPONDENT:         Stuart F. Delery, Principal Deputy
                        Assistant Attorney General; Francis
                        W. Fraser, Senior Litigation
                        Counsel; W. Daniel Shieh, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dan Yu Lian and Qing Deng Zheng, natives and citizens of the People's Republic of China, seek review of a May 25, 2012, decision of the BIA denying their motion to reopen. *In re Dan Yu Lian, Qing Deng Zheng,* Nos. A077 660 310, A079 306 964 (B.I.A. May 25, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not err in denying Lian and Zheng's motion to reopen as untimely and number-barred. Aliens may file only one motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although their motion was indisputably untimely and number-barred because it was filed more than six years after the agency's final order of removal and it was their third such motion, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), there are no time or numerical limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in concluding that Lian's newly commenced Falun Gong practice constituted a change in her personal circumstances rather than a change in country conditions sufficient to excuse the applicable limitations. *See Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155

(2d Cir. 2008). Moreover, the BIA reasonably found that Lian and Zheng's evidence did not demonstrate a material change in country conditions because that evidence did not indicate that conditions had worsened for Falun Gong practitioners in China since the time of their hearing before the IJ. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Shao*, 546 F.3d at 169-72. Accordingly, the BIA did not abuse its discretion in denying Lian and Zheng's motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk

4