Lu v. Holder

BIA
A078 198 952

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
>> *Circuit Judges.*

_____

QIGUANG LU, AKA QI GUANG LU,
> *Petitioner,*

    v.                11-92
                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: Lee Ratner, Law Offices of Michael Brown, New York, N.Y.

FOR RESPONDENT: Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Christina J. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qiguang Lu, a native and citizen of the People's Republic of China, seeks review of a December 29, 2010, decision of the BIA denying his motion to reopen. *In re Qiguang Lu*, No. A078 198 952 (B.I.A. Dec. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien may file only one motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Lu's motion to reopen was indisputably untimely and number-barred because it was filed more than eight years after the agency's final order of removal and it was his third motion to reopen.

There are no time and numerical limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence

2

is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). As the BIA found, Lu's activities in the United States did not constitute changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). Additionally, the BIA reasonably concluded that Lu failed to demonstrate material changed conditions in China since the time of his 2000 proceedings before the immigration judge because the evidence he submitted demonstrated that Falun Gong practitioners have been continuously mistreated in China since the Chinese government began its crackdown against that group in 1999. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Moreover, the BIA reasonably relied on the underlying adverse credibility determination to decline to credit Lu's individualized evidence that government officials in China had discovered his activities in the United States. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007). Accordingly, the BIA did not err in finding that Lu failed to demonstrate material changed country conditions excusing the untimely and number-barred filing of his motion.

The BIA also did not err in declining to equitably toll the time period for filing the motion to reopen based on his ineffective assistance of counsel.  In order to warrant equitable tolling, even assuming that a movant demonstrated that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).  The BIA did not err in finding that Lu failed to demonstrate that he exercised due diligence because, as Lu admits in his brief, he did not pursue his ineffective assistance of counsel claim from 2003 to 2010.  *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

Finally, the BIA did not err in noting that Lu was not eligible for an exception to the procedural limitations applicable to his motion to reopen based on his purported eligibility to adjust status.  *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009).

4

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5