Guo v. Garland

BIA
A077 978 090

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

MIN GUO,
> *Petitioner,*

v.                                                                21-6512
                                                                 NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Meer M. M. Rahman, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Guo, a native and citizen of the People's Republic of China, seeks review of an August 23, 2021 decision of the BIA denying his motion to reopen proceedings ordering his removal from the United States. *In re Min Guo*, No. A077 978 090 (B.I.A. Aug. 23, 2021). We review that denial decision for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), which is not evident here. We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our denial of review.

While a motion to reopen must generally be filed within 90 days of a removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), a one-year deadline applies when, as in Guo's case, reopening was sought to apply for lawful

2

immigrant status based on a visa self-petition filed by an alien physically present in the United States who "has been battered or has been the subject of extreme cruelty perpetrated by" a U.S. citizen spouse, 8 U.S.C. § 1154(a)(1)(A)(iii)(I)(bb); *see id.* § 1229a(c)(7)(C)(iv). The BIA may "waive this [one-year] time limitation in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child." *Id.* § 1229a(c)(7)(C)(iv)(III).

Although the BIA applied the general 90-day filing deadline and not the applicable one-year deadline for battered spouses, this fact does not warrant remand because, as Guo acknowledges, his motion, filed 15 years after the BIA's removal order, was clearly untimely under either deadline. *See* Pet'r's Br. 7 ("Although Petitioner's motion to reopen is untimely . . . ."); *Ajdin v. Bureau of Citizenship & Immigr. Servs.*, 437 F.3d 261, 266 (2d Cir. 2006) (explaining that harmless error by the BIA does not necessitate remand). Nor does Guo argue that section 1229a(c)(7)(C)(iv)(III)'s "extraordinary circumstances" exception to the one-year deadline should apply. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming issue abandoned when not argued in brief). Rather, he appears to fault the BIA's refusal to apply a different exception, that of section 1229a(c)(7)(C)(ii), which provides that "[t]here is no time limit on the filing

3

of a motion to reopen" an asylum or withholding of removal claim on the basis of "changed country conditions." *See* 8 C.F.R. § 1003.2(c)(3)(ii); Pet'r's Br. 7 (stating without elaboration that Guo "has demonstrated changed conditions which allow the motion to be exempt from the time limitation"); *id.* at 9 (referencing "a change in circumstances since the time of the original hearing"). To the extent Guo challenges the BIA's refusal to apply that exception, which he never cites in his brief, the BIA correctly concluded that he failed to provide evidence of changed *country* conditions, as opposed to changed *personal* circumstances. *See Zheng v. DOJ*, 416 F.3d 129, 130-31 (2d Cir. 2005) (holding that 8 C.F.R. § 1003.2(c)(3)(ii) does not apply to changed personal circumstances, only changed country conditions).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4